UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH RILEY,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPUTY 1, et al.,<br><br>        Defendants. | Case No.: 3:24-cv-00460-ART-CLB<br><br>**ORDER**<br><br>(ECF No. 1) |

    On October 8, 2024, pro se plaintiff Keith Riley, an inmate in the custody of the Washoe County Detention Center, submitted a complaint under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis*. (ECF Nos. 1-1, 1). Plaintiff's application to proceed *in forma pauperis* is incomplete because **the financial certificate is incomplete, and Plaintiff did not include an inmate trust fund account statement for the previous six-month period with the application**. The Court will deny Plaintiff's application without prejudice and give Plaintiff the opportunity to correct these deficiencies **by December 20, 2024**.

**I.    DISCUSSION**

    The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. Loc. R. Prac. LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the

**inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

As explained above, Plaintiff's application to proceed *in forma pauperis* is incomplete. The Court will therefore deny Plaintiff's application to proceed *in forma pauperis* without prejudice and grant Plaintiff an extension of time to either pay the filing fee or file a new fully complete application to proceed *in forma pauperis* with all three required documents.

## II.     CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 1) is denied without prejudice.

It is further ordered that Plaintiff has **until December 20, 2024**, to either pay the full $405 filing fee or file a new fully complete application to proceed *in forma pauperis* with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complete application to proceed *in forma pauperis* or pay the required filing fee.

The Clerk of the Court is directed to send Plaintiff Keith Riley the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same and retain the complaint (ECF No. 1-1) but not file it at this time.

DATED THIS  21st  day of October 2024.

_____
UNITED STATES MAGISTRATE JUDGE