**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| KEITH RILEY,<br><br>　　　　　Plaintiff,<br>v.<br>DEPUTY 1, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:24-cv-00460-ART-CLB<br><br>**ORDER DENYING MOTION FOR SUBPOENA WITHOUT PREJUDICE AND GRANTING EXTENSION OF TIME**<br><br>[ECF No. 7] |

Plaintiff Keith Riley, who is confined at Washoe County Detention Facility ("WCDF"), filed this civil rights action under 42 U.S.C. § 1983 against several Washoe County Defendants based on events that allegedly occurred at the Washoe County Courthouse ("Courthouse") on March 28, 2024. The Court screened Riley's complaint, dismissed the complaint in its entirety, and granted leave to amend. (ECF No. 5.) In doing so, the Court found that Riley failed to state a colorable claim under federal law against any of the named Defendants, but he appeared to state at least one colorable excessive force claim against three unknown deputy sheriffs (referred to as Deputy #1, Deputy #2, and Deputy Van Driver). (*See id.*) Given these circumstances, the Court advised Riley as follows:

> For this case to proceed, Plaintiff must file an amended complaint that states at least one colorable claim under federal law against at least one named Defendant. If Plaintiff does not know the name of Deputy #1, Deputy #2, or Deputy Van Driver (or any other potential Defendant), then he should first use any available procedures at WCDF to learn their names. If that method is unsuccessful, then Plaintiff may file a properly supported and complete motion under Federal Rule of Civil Procedure 45 for the Court to issue a Rule 45 subpoena duces tecum. A subpoena duces tecum requires the person served with the Rule 45 subpoena to provide requested information in their possession. Plaintiff must carefully review Rule 45 of the Federal Rules of Civil Procedure before filing a motion for a subpoena duces tecum. In general, however, the Court advises Plaintiff that any such motion must attach a copy of his proposed Rule 45 subpoena(s) to his motion, and that motion must clearly identify the documents that would have the information Plaintiff is seeking and explain why the documents and information would be available from the company, entity, or person that is the target of the subpoena.

(*Id.* at 14–15.)

Riley has filed a motion asking the Court to issue a subpoena duces tecum under Federal Rule of Civil Procedure 45 ("Rule 45 motion") (ECF No. 7), accompanied by a proposed Rule 45 subpoena. (ECF No. 8.) Riley asks the Court to issue subpoenas to find the names of the three deputy sheriffs mentioned above, one deputy sheriff supervisor, and one nurse. (ECF No. 7 at 1–2.) The Court now addresses the motion.

The Court denies the Rule 45 motion without prejudice, with leave to refile, for two reasons. First, Riley does not clearly identify the documents or electronically stored information he is seeking that would contain the names of the unknown individuals. Riley argues that there is evidence supporting his claims "in the body cam," which presumably refers to footage from a body cam being worn by one or more deputy sheriffs allegedly involved in the instances of excessive force at the Courthouse. (*See id.* at 3–5.) But Riley does not specify which body cam he is seeking footage from or why he believes that footage would provide the names he is seeking. If Riley chooses to refile a Rule 45 motion, he should do a better job of clearly identifying the documents or electronically stored information that would have the information he is seeking.

Second, the proposed subpoena is incomplete. Riley addressed the subpoena to Washoe County Sheriff Darin Balaum and checked the box to command the production of documents or electronically stored information. (ECF No. 8 at 1.) But Riley did not fill in the space below this box to list what particular documents or electronically stored information Balaum would be commanded to produce. (*See id.*) If Riley chooses to refile a Rule 45 motion, he should complete the section of form AO 88B for listing the documents or electronically stored information he is seeking to produce.

The Court grants Riley a 30-day extension of time to file an amended complaint. The new deadline for Riley to file an amended complaint is **September 8, 2025**. Riley is reminded that, for this case to proceed past the screening stage, he only needs to identify one Defendant to a colorable claim. In other words, if Riley learns the name of one of the deputy sheriffs who was involved in the alleged incidents of excessive force at the Courthouse, and he alleges sufficient facts to state a colorable claim against that

individual in an amended complaint, then this case can proceed to the next phase of litigation. Riley would then have an opportunity to file a motion to substitute the names of any other Doe Defendants he identifies at a later stage of the case. Riley is again encouraged to use whatever options are available to him at WCDF to learn the name of one or more Doe Defendants—including any deputy sheriff allegedly involved in transporting him to and from the Courthouse on March 28, 2024—before the refiles a Rule 45 motion.

Accordingly, **IT IS ORDERED** that Riley's Rule 45 motion (ECF No. 7) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Riley is **GRANTED** a 30-day extension of time to file an amended complaint, resulting in a new deadline of **September 8, 2025**.

**IT IS FURTHER ORDERED** that, if Riley does not file an amended complaint by **September 8, 2025**, this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send Riley a courtesy copy of form AO 88B titled "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action."

**IT IS SO ORDERED**.

**DATED**: August 6, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**