# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEITH RILEY, <br><br> Plaintiff, <br><br> v. <br><br> DEPUTY 1, *et al.*, <br><br> Defendants. | Case No. 3:24-cv-00460-ART-CLB <br><br> **ORDER GRANTING EXTENTION OF TIME TO FILE AMENDED COMPLAINT** |

The Court screened Plaintiff Keith Riley's complaint, dismissed the complaint in its entirety, and granted leave to amend. (ECF No. 5.) In doing so, the Court found that Riley failed to state a colorable claim under federal law against any of the named Defendants, but he appeared to state at least one colorable excessive force claim against three unknown deputy sheriffs. (*See id.*) The Court advised Riley that, for this case to proceed, he must file an amended complaint that states at least one colorable claim under federal law against at least one named Defendant. (*See id.* at 14–15.) Riley then filed a motion for the Court to issue a subpoena duces tecum under Federal Rule of Civil Procedure 45 ("Rule 45 motion"), along with proposed subpoenas. (ECF Nos. 7, 8.) The Court denied this motion without prejudice and extended the deadline for Riley to file an amended complaint. (ECF No. 9.) Riley then filed a motion to extend the amended complaint deadline again, and the Court granted it. (ECF No. 11.) Now, rather than file an amended complaint, Riley has filed another proposed Rule 45 subpoena. (ECF No. 15.)

The Court cannot issue the proposed Rule 45 subpoena for two reasons. First, it is addressed to an unnamed individual—"The Deputy [who] Escorted [Riley] from Courtroom to Elevator (Deputy Name)." (*See* ECF No. 15.) A subpoena cannot be serviced on an unnamed individual. Second, it is not properly completed, in that Riley checked the box to command the production of documents or electronically stored information, but he did not fill in the space below this box to list what documents or electronically stored information the recipient would be commanded to produce. (*See id.*)

Instead, Riley drafted the proposed subpoena as if the production of documents would occur at the state Courthouse where the events underling this case occurred, at the time of those events in March 2024. The location of the Courthouse and the time of the underlying events may be relevant information for Riley to use when requesting particular documents, but of course the Court cannot order the production of unspecified documents on a date that occurred in the past. Therefore, this case cannot proceed at this time.

Because Riley has made good-faith efforts to continue litigating this case, the Court grants him one final extension of time to file an amended complaint. The final deadline for Riley to file an amended complaint is **November 21, 2025**. If Riley does not file an amended complaint curing the deficiencies of the original complaint by that deadline, then this case will be dismissed without prejudice. A dismissal without prejudice would allow Riley to pursue his claims in a new case, if he so chooses, by filing a complaint under a new case number that contains at least one colorable claim against at least one identified Defendant.

Riley is reminded that, for this case to proceed past the screening stage, he only needs to identify one Defendant to a colorable claim. In other words, if Riley learns the name of one of the deputy sheriffs who was involved in the alleged incidents of excessive force at the Courthouse on March 28, 2024, and he alleges sufficient facts to state a colorable claim against that individual in an amended complaint, then this case can proceed to the next phase of litigation. Riley would then have an opportunity to file a motion to substitute the names of any other Doe Defendants he identifies at a later stage of the case. Riley is also reminded that any proposed Rule 45 subpoena he files must be accompanied by a motion that clearly identifies the documents that would have the information Riley is seeking and explains why the documents and information would be available from the company, entity, or person that is the target of the subpoena.

Accordingly, **IT IS ORDERED** that Riley's proposed subpoena (ECF No. 15) has no effect.

**IT IS FURTHER ORDERED** that the final deadline for Riley to file an amended complaint is **November 21, 2025**.

**IT IS FURTHER ORDERED** that, if Riley does not file an amended complaint by **November 21, 2025**, this case will be dismissed without prejudice.

**IT IS SO ORDERED**.

**DATED**: October 15, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**

3