**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

KEITH RILEY,

                              Plaintiff,

        v.

DEPUTY 1, *et al.*,

                              Defendants.

Case No. 3:24-cv-00460-ART-CLB

**ORDER**

The Court issued an order screening Plaintiff Keith Riley's complaint, dismissing the complaint in its entirety, and granting leave to amend. (ECF No. 5.) In doing so, the Court found that Riley failed to state a colorable claim under federal law against any of the named Defendants, but he appeared to state at least one colorable excessive force claim against three unknown deputy sheriffs. (*See id.*) The Court advised Riley that, for this case to proceed, he must file an amended complaint that states at least one colorable claim under federal law against at least one named Defendant. (*See id.* at 14–15.) The Court has since extended the deadline for Riley to file an amended complaint three times. (ECF Nos. 9, 11, 16.) Twice, the Court has also explained to Riley the problems with proposed subpoenas that he submitted in an attempt to learn the identities of potential Defendants. (ECF Nos. 9, 16.)

On October 24, 2025, Riley filed a motion to reopen this case. (ECF No. 17.) This motion is denied, as this case is not closed. As a result of an order issued on October 15, 2025, Riley currently has until **November 21, 2025**, to file an amended complaint. (*See* ECF No. 16.)

The Court does not anticipate granting Riley another extension of time, but if Riley submits a meritorious motion for a subpoena duces tecum under Federal Rule of Civil Procedure 45 by the amended complaint deadline, the Court will consider extending the amended complaint deadline when ruling on the motion. As the Court explained to Riley in prior orders, a proper Rule 45 motion must: (1) clearly identify documents that would

have identifying information for the potential Defendants; (2) explain why the documents would be available from the entity or person that is the target of the subpoena; and (3) be accompanied by a properly completed Rule 45 subpoena.

Riley is also reminded that, for this case to proceed past the screening stage, he only needs to identify one Defendant to a colorable claim. So if Riley learns the name of one of the deputy sheriffs who was involved in the alleged incident of excessive force at on March 28, 2024, and he alleges sufficient facts to state a colorable claim against that individual in an amended complaint, then this case can proceed to the next phase of litigation. Riley would then have an opportunity to file a motion to substitute the names of any other Doe Defendants he identifies at a later stage of the case.

Accordingly, **IT IS ORDERED** that Riley's motion to reopen the case (ECF No. 17) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the deadline for Riley to file an amended complaint is **November 21, 2025**.

**IT IS FURTHER ORDERED** that, if Riley does not file an amended complaint by **November 21, 2025**, this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send Riley a courtesy copy of form AO 88B titled "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action."

**IT IS SO ORDERED**.

**DATED**: November 4, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**